IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-246-D

| | |
|---|---|
| RITA MASTERS and ROBERT MASTERS,<br><br>Plaintiffs<br><br>v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC. and ROSE ACRE FARMS, INC.,<br><br>Defendants. | **STIPULATION AND CONSENT PROTECTIVE ODER REGARDING CONFIDENTIAL INFORMATION** |

This Stipulation and Consent Protective Order ("Protective Order") shall govern the use and treatment of information, documents, testimony, or other tangible things produced in this action by the Plaintiffs and Defendants (collectively the "Parties").

1. The Parties anticipate that information that is or may be relevant or discoverable in this action is considered by one or more parties to be confidential. Disclosure of the Parties' confidential information without a protective order in place would harm the Parties. Accordingly, the Parties believe, in good faith, that there exists good cause for the issuance of this Protective Order.

2. "Confidential Information," as used herein, means any information, in whatever form, produced in connection with formal or informal discovery in this litigation that the Parties in good faith believe contains, reflects, or concerns: (a) trade secret, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) private or confidential personal information, or (c) information relating to personnel matters and employment files, or (d) information received in confidence from third parties, or (e) information which the

producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Confidential Information may not be used or disseminated except as provided in this Protective Order, and all Confidential Information will be used by the receiving party solely for purposes of the prosecution or defense of this litigation will not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

3. The Parties may designate any information, document, testimony, or other tangible thing that they furnish in connection with this litigation as Confidential Information and therefore subject to the provisions of this Protective Order in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

4. Materials designated as Confidential may be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

    (a) the Parties in this lawsuit, or their agents or employees involved in the management of this litigation;

2

Case 5:21-cv-00246-D   Document 46   Filed 04/25/22   Page 2 of 12

(b) counsel of record who represent the Parties in this litigation, the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action, and the law clerks who are assisting the attorneys working on this action;

(c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure, provided that no access to the opposing party's Confidential Information or Materials may be given to the potential witness or deponent until each such individual has executed a written agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A;

(d) independent expert witnesses or consultants, including trial or jury consultants, retained by the Parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party), but only to the extent reasonably necessary for the expert or consultant to render their services and only if the expert or consultant agrees to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A;

(e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit;

(f) jurors at any court proceeding in this action;

(g) Any other person as to whom the producing party agrees in writing prior to such disclosure; and

(h) any mediator or arbitrator selected with the consent of the Parties or by the Court.

5. Confidential Information shall not be disclosed to any of the persons referred to in paragraph 4(c) and 4(d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Agreement to Be Bound by Protective Order ("Confidentiality Agreement") attached hereto as Exhibit A. All parties shall retain any such agreements and make them available to counsel for the other party upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

6. A party to this litigation, or any third party covered by this Protective Order, may elect that certain Confidential Information not be divulged to the persons referred to in paragraphs 4(a) or 4(c) above if it in good faith believes that its disclosure could cause commercial harm or be put to any improper use or could otherwise cause irreparable harm. Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Eyes Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 4(b), 4(d), 4(e), 4(f), 4(g), and 4(h) herein in accordance with the terms and conditions of this Protective Order. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Eyes Only," that party may follow the procedure set forth in paragraph 10 herein to remove such designation.

7. Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information,

4

counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of the service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing.

9. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the Parties in writing or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the Parties shall be deemed effective pending approval by the Court.

10. With respect to any Confidential Information covered by this Protective Order, the Parties may at any time serve upon counsel for the other side a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Eyes Only." The party shall, within ten (10) business days of receipt of such notice, review the designated material sought to be reclassified, and notify counsel for the opposing party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the party seeking to have the information or documents designated "Confidential" or "Highly Confidential-Attorneys & Experts Eyes Only" may apply to the Court for an order that the information or documents so designated are entitled to such status and protection. The non-designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

11. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive, or educational purpose.

12. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Eyes Only" within the time periods established in this Protective Order, a party shall, upon discovery, promptly designate such documents or information as "Confidential" or "Highly Confidential-Attorneys & Experts Only." If the opposing party opposes the designation of the documents or information, the procedure outlined in Paragraph 10 shall be followed. The opposing

6

party shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential–Attorneys & Experts Eyes Only" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information.

13. All Parties, or any third party covered by this Protective Order, and materials marked "Confidential" and "Highly Confidential-Attorneys & Experts Eyes Only" (and any copies thereof) shall remain subject to the terms of the Protective Order upon final determination, settlement or termination of this action, unless otherwise ordered by the Court. The Parties represent that the materials shall be maintained in accordance with the protections outlined herein and pursuant to the Parties' document retention policies.

14. If a party to this Protective Order or any other signatory to a Confidentiality Agreement (Exhibit A) receives a court order or subpoena for Confidential Information, the party or individual receiving the subpoena or court order shall promptly notify the designating party and furnish it with a copy of said subpoena or other process order. Ten (10) days after notifying the designating party of such subpoena, the subpoenaed party and his/her/its agents shall be entitled to comply with the subpoena, unless the designating party has filed for or succeeded in obtaining an order modifying or quashing the subpoena. If the return or response date for any such subpoena or the compliance date for any such order is less than ten (10) days after service thereof, the subpoenaed party shall: (a) request an extension of the return or compliance date and (b) promptly advise the designating party of such return or compliance date.

15. The restrictions set forth in this Protective Order shall not apply to information or material that: (a) was, is, or becomes public knowledge, not in violation of this Protective Order;

(b) was lawfully possessed by a party or witness prior to the entry by the Court of this Protective Order; or (c) was independently developed by a party without violation of this Protective Order.

16. The Parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

17. This Protective Order will be governed and construed in accordance with the laws of the State of North Carolina.

18. This Protective Order contains the entire agreement between the Parties concerning the subject matter hereof, and no modifications of this Protective Order or waiver of its provisions will be binding upon the Parties, unless made in writing by the Parties.

19. Upon final conclusion of this litigation, each Party or other individual subject to the terms of this Protective Order shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Information and to destroy, should such source so request, all copies of Confidential Information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Information; provided, however, that counsel may retain complete copies of all transcripts, pleadings and expert reports, including exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a Party requests the return of Confidential Information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

This the 25th day of April, 2022.

Brian S. Meyers
United States Magistrate Judge

WE CONSENT:

This, 23rd day of March, 2022.

By: */s/ Christopher A. Page*
    Christopher A. Page
    Matthew C. Burke
    3101 Glenwood Avenue, Suite 200
    Raleigh, NC 27612
    chris.page@youngmoorelaw.com
    matthew.burke@youngmoorelaw.com

    *Counsel for Defendant*
    *Cracker Barrel Old Country Store, Inc.*


By: */s/ Rachael D. Spiegel*
    Sarah L. Brew (admitted *pro hac vice*)
    Rachael D. Spiegel (admitted *pro hac vice*)
    FAEGRE DRINKER BIDDLE & REATH LLP
    90 South Seventh Street, Suite 2200
    Minneapolis, MN 55402
    Telephone: 612-766-7000
    Facsimile: 612-766-1600
    sarah.brew@faegredrinker.com
    rachael.spiegel@faegredrinker.com

    and

    William C. Robinson (#17584)
    Dorothy M. Gooding (#46058)
    ROBINSON ELLIOTT & SMITH
    800 East Boulevard, Suite 100
    Charlotte, NC 28203
    Telephone: (704) 343-0061
    Facsimile: (704) 373-0290
    srobinson@reslawfirm.net
    dgooding@reslawfirm.net

    *Counsel for Defendant Rose Acre Farms, Inc.*


By: */s/ Timothy H. Barnes*
    Timothy H. Barnes
    Honig & Barnes LLP

9

55 Wingate Street
Haverhill, MA 01832
tbarnes@honigbarnes.com

and

J. Michael Malone
Hendren Redwine and Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
mmalone@hendrenmalone.com

*Counsel for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-246-D

| | |
|---|---|
| RITA MASTERS and ROBERT MASTERS,<br><br>      Plaintiffs<br><br>v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC. and ROSE ACRE FARMS, INC.,<br><br>      Defendants. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

    I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understand the provisions of the Stipulation and Consent Protective Order ("Protective Order") in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Information disclosed to me solely for the purpose of this litigation.

7. I hereby submit myself to the jurisdiction of this Court for the purpose of enforcement of any provision of the Protective Order.

1

8. No later than the final conclusion of this case, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
**[Signature]**

2

Case 5:21-cv-00246-D   Document 46   Filed 04/25/22   Page 12 of 12